# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **FRED HOLFELDER,** | ) | **CASE NO. 1:11CV67** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **INSERVCO, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #29) of Defendant, Inservco, Inc. ("Inservco" or "Defendant"), for Summary Judgment.  For the following reasons, the Motion is granted in part and denied in part.  The Motion is granted as to the age discrimination and wrongful termination claims under R.C. § 4112.14 and R.C. § 4112.99, as well as the Family and Medical Leave Act ("FMLA") Retaliation claim; but denied as to the FMLA Interference claim.

## I. FACTUAL BACKGROUND

The Complaint was originally filed in Lorain County Common Pleas Court on December 3, 2010.  It was removed on January 11, 2011, on the basis of federal question jurisdiction.  Plaintiff, Fred Holfelder ("Holfelder" or "Plaintiff"), whose date of birth is April 25, 1958, was hired by Inservco on February 1, 2007, as a machine operator.  He trained on first shift, and moved to second shift after six weeks.  Plaintiff was terminated on October 17, 2008.  Plaintiff alleges that he suffers with debilitating migraines; and beginning in the fall of

2007, his stepdaughter experienced blood clots on the brain, requiring emergency hospitalizations.  Defendant responds that, even excluding the absences for migraines and for the care of Plaintiff's ailing stepdaughter, Plaintiff had at least nine unexcused absences, justifying termination under the company's attendance policy.  Plaintiff states that Human Resources knew about his stepdaughter's on-going medical issues and his migraines; yet, Plaintiff was never provided FMLA paperwork to qualify for excused absences and/or intermittent leave.  Defendant insists there is insufficient evidence that Holfelder's absences were for FMLA-allowable conditions.  Plaintiff also alleges that, after his termination, he was replaced by, or Defendant was able to retain, someone approximately twenty years his junior.  Defendant asserts that, in the fall of 2008, Inservco lost a major contract.  On November 13, 2008, therefore, the company implemented a reduction-in-force; and an entire shift was eliminated.  Twenty-seven employees were laid off; and Plaintiff's job would have been eliminated in any event.  In addition, Plaintiff was not replaced; and the alleged comparator did not perform the same job duties.

On April 23, 2012, Defendant filed its Motion for Summary Judgment.  The matter has been fully briefed.

## II. LAW AND ANALYSIS

### Standard of Review

_____"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion."  Fed.R.Civ.P. 56(a).  The burden is on the moving party to conclusively show no genuine issue of material

fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F. 3d 1339, 1347 (6th Cir.1994); and the court must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347. This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir.1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir.2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Age Discrimination**

Plaintiff brings claims of age discrimination and wrongful termination on the basis of age under both § 4112.14 and § 4112.99 of the Ohio Revised Code. The Supreme Court of Ohio has held that "if a plaintiff states reliance on R.C. 4112.99, he or she is 'referring to the form[s] of age-based employment discrimination identified [by § 4112.14].'" See *Meyer v.*

*UPS*, 122 Ohio St.3d 104, 111 (2009).  For purposes of this opinion, the Court will treat the

third and fourth counts of Plaintiff's Complaint as a single claim under § 4112.14.

Plaintiff has offered no direct evidence that he was terminated because of his age.

Therefore, to prevail, Plaintiff must establish a prima facie case of age discrimination, and

prove: (1) he was at least 40 years old at the time of the alleged discrimination; (2) he was

subjected to an adverse employment action; (3) he was otherwise qualified for the position;

and (4) he was replaced by someone outside the protected class, or his discharge permitted the

retention of, a substantially younger employee.  *Coryell v. Bank One Trust Co.*, 101 Ohio

St.3d 175, 179 (2004); *Murray v. Sears Roebuck*, No. 1:09CV702, 2010 WL 1433426, at \*13

(N.D.Ohio Apr. 7, 2010).  Where there is no direct evidence of discrimination, the Court

applies a three-step burden-shifting analysis to age discrimination actions, under which: 1) the

plaintiff must first set forth a prima facie case of discrimination; 2) the burden of production

then shifts to the employer to articulate some legitimate, nondiscriminatory reason for its

actions; and 3) if the employer carries the burden, the plaintiff must then prove by a

preponderance of the evidence that the reasons offered by the employer were a pretext for

discrimination.  *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-56 (1981);

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  The ultimate burden of

persuasion remains at all times with the plaintiff.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S.

502, 507 (1993).  Plaintiff need not prove his case by a preponderance of evidence at the

prima facie stage; and the burden is easily met.  *Singfield v. Akron Metropolitan Housing

Authority, et al.*, 389 F.3d 555, 563 (6th Cir. 2004).

There is no dispute as to the first three elements of Plaintiff's prima facie case.

-4-

However, Defendant contends that Plaintiff was not replaced.  Inservco's Vice President of
Operations, Joe Shero, testified that the machine Plaintiff had operated was no longer run on
the second shift; and, following the loss of one of the company's largest customers, the second
shift was eliminated entirely.  (Shero Deposition at 15, 31-32).  Plaintiff is not sure who may
have replaced him; but believes it was Khamsay Keomorokot, an employee in his thirties that
Plaintiff helped train.  (Plaintiff's Deposition at 85-87).  Defendant argues that Keomorokot,
or any other employee hired or retained after Plaintiff's October 2008 termination, did not
perform the same work.  In fact, Keomorokot operated a different and more technologically
complicated machine than the one Plaintiff ran.

Since there are factual issues surrounding the duties performed and the machinery
operated by Plaintiff and others, and because the Plaintiff's burden at the prima facie stage is
not onerous, the Court finds Plaintiff has demonstrated all four elements of his prima facie age
discrimination case.

At this point, the burden of production shifts to the employer, Inservco, to articulate
legitimate non-discriminatory reasons for its termination decision.  Inservco had a written
attendance policy; and Plaintiff does not dispute that he received that policy as part of the
employee handbook.  (Plaintiff's Deposition at 24).  Furthermore, Plaintiff was aware of the
attendance points he had accumulated over a twelve-month period; and he received oral and
written warnings about the infractions.  (Plaintiff's Deposition Exhibits).  Employers are
entitled to make personnel decisions based upon non-discriminatory criteria, and courts are
reluctant to question business judgments.  *Ackerman v. Diamond Shamrock Corp*., 670 F.2d
66, 70 (6th Cir.1982).  Inservco has satisfactorily articulated its legitimate, non-discriminatory

basis for discharging its employee, Holfelder.

"When the defendant does so, the burden of production shifts back to the plaintiff to show that the defendant's proffered reason was mere pretext for intentional age discrimination.  The plaintiff retains the ultimate burden of proving that 'age was the 'but-for' cause of the employer's adverse action.'" *Murray,* No.1:09CV702, 2010 WL 1433426 at *13 (quoting *Harris v. Metropolitan Government of Nashville*, 594 F.3d 476 (6th Cir.2010)) (citations omitted).  Plaintiff must do more than "simply impugn the legitimacy of the asserted justification."  *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1083 (6th Cir.1994).

To demonstrate pretext, Holfelder must show that: (1) the proffered reasons had no basis in fact; (2) the proffered reasons did not actually motivate Inservco's challenged conduct; or (3) the proffered reasons were insufficient to motivate Inservco's challenged conduct.  *Risch v. Royal Oak Police Dept.*, 581 F.3d 383, 391 (6th Cir.2009); *Wilson v. Rosemont Country Club*, 2005-Ohio-6606, ¶14 (Ohio App. 9th Dist. 2005).  Holfelder cannot prove that Inservco's reason is merely pretext "unless it is shown both that the reason was false, ***and*** that discrimination [or retaliation] was the real reason."  *St. Mary's Honor Ctr.*, 509 U.S. at 515.

Aside from Plaintiff's separate dispute that some of his absences were due to FMLA-qualifying events or conditions, Plaintiff has produced no evidence that his age played a role, much less a "but for" role in his employers' decision to discharge him.  Moreover, other than Holfelder's belief that he was replaced by a younger individual, he testified:

Q.  Is there any other basis for your age discrimination [claim]?

A.  No.

Q.  Is there anybody in particular at Inservco that you thought was biased against you

because of your age?

A.  No.

(Plaintiff's Deposition at 130).

Plaintiff has failed to establish pretext — that Defendant's reason was false and that

the real reason was age bias.  Defendant Inservco is entitled to summary judgment on Plaintiff

Holfelder's claims for age discrimination and wrongful termination on the basis of age.

**FMLA**

Pursuant to 29 C.F.R. § 825.110, an "eligible employee" is one who has been

employed by an employer for at least 12 months, and for at least 1,250 hours of service during

the 12-month period immediately preceding the commencement of leave.[1]  An "eligible

employee" is entitled to 12 workweeks of leave for one or more of the following:

(1) Because of the birth of a son or daughter of the employee and in order to care for

such son or daughter;

(2) Because of the placement of a son or daughter with the employee for adoption or

foster care;

(3) In order to care for the spouse, or a son, daughter, or parent of the employee, if

such spouse, son, daughter, or parent has a serious health condition;

(4) Because of a serious health condition that makes the employee unable to perform

the functions of the position of such employee;

---

[1] Plaintiff was not employed at Inservco for at least 12 months until February 1, 2008.  Thus, any absences

before this date are not covered under FMLA and are not relevant to this opinion.

-7-

(5) Because of any qualifying exigency (as the Secretary shall, by regulation,

determine) arising out of the fact that the spouse, or a son, daughter, or parent of the

employee is on covered active duty (or has been notified of an impending call or order

to covered active duty) in the Armed Forces.

29 U.S.C.A. § 2612.

For FMLA purposes, "serious health condition" means "an illness, injury, impairment

or physical or mental condition that involves inpatient care as defined in § 825.114 or

continuing treatment by a health care provider as defined in § 825.115." 29 C.F.R. § 825.113.

"Inpatient care means an overnight stay in a hospital, hospice, or residential medical care

facility, including any period of incapacity as defined in § 825.113(b), or any subsequent

treatment in connection with such inpatient care." 29 C.F.R. § 825.114. Defendant has

faithfully summarized what is meant by "continuing treatment by a health care provider"

pursuant to 29 C.F.R. § 825.115; and the Court will rely on that summary for purposes of this

decision. (ECF DKT #29-1 at 10-11). In order to establish that he was under "continuing

treatment by a health care provider," Holfelder must show:

– He was incapacitated for more than 3 consecutive days and received treatment 2

or more times by a health care provider or received treatment at least once

resulting in a regimen of continuing treatment; or

– He had a period of incapacity or treatment for such incapacity due to a chronic

serious health condition. Chronic serious health conditions are those which

require periodic visits to a healthcare provider for treatment, continue over an

extended period of time and cause episodic rather than continuing periods of

-8-

incapacity; or

– A period of incapacity which is permanent or long-term due to a condition for

which treatment may not be effective <u>under the continuing supervision of a health</u>

<u>care provider</u>; or

– Any period of absence to receive <u>multiple treatments (including any period of</u>

<u>recovery therefrom) by a health care provider</u> or by a provider of health care

services under orders of, or on referral by, a health care provider, either for

restorative surgery after an accident or other injury, or for a condition that would

likely result in a period of incapacity of more than three consecutive calendar

days in the absence of medical intervention or treatment, such as cancer

(chemotherapy, radiation, etc.), severe arthritis (physical therapy), kidney disease

(dialysis)

29 C.F.R. §825.114(a) (2008) (emphasis added).

## **FMLA retaliation and interference**

Holfelder has pled an interference claim under 29 U.S.C. § 2615(a)(1) and a retaliation

claim under 29 U.S.C. § 2615(a)(2), both of which are recognized theories of recovery in the

Sixth Circuit for alleged violations of an employee's FMLA rights.  *See Killian v. Yorozu*

*Auto Tenn. Inc*., 454 F.3d 549, 555 (6th Cir.2006).  An employer is prohibited from

considering the taking of FMLA leave as a negative factor in employment actions.  29 C.F.R.

§ 825.220(c); *Hunter v. Valley View Local Schools*, 579 F.3d 688, 690-91 (6th Cir.2009);

*Arban v. West Publ'g Corp*., 345 F.3d 390, 403 (6th Cir.2003).  An FMLA interference theory

of recovery is also known as an entitlement theory; and an FMLA retaliation theory is also

referred to as discrimination.  *See Grace v. USCAR*, 521 F.3d 655, 669 (6th Cir.2008).

In addition to his migraine headaches and his stepdaughter's cerebral blood-clotting condition, Plaintiff raises for the first time in his opposing memorandum, his wife's disability as an FMLA-qualifying reason for his absences.  Since his wife's condition was not alleged in Plaintiff's Complaint, and since Defendant has not had the opportunity to conduct discovery nor analyze the FMLA regulations in that regard, the Court will not consider Plaintiff's arguments or evidence as to his wife's health issues as having any relevance to this ruling.

Plaintiff alleges that he suffers from debilitating migraine headaches, that several of his absences in 2008 (3/1/08; 8/4/08; 10/16/08) were due to this condition (ECF DKT #32-1 at 15), and that Defendant never offered him FMLA paperwork.  Plaintiff does not allege that he had inpatient care for his migraines; so, he must establish that he was under continuing treatment by a health care provider.  Plaintiff's own evidence belies such treatment.  In the report of Plaintiff's expert, Kevin L. Trangle, M.D., a specialist in occupational and internal medicine, Dr. Trangle comments:

> No office visits for migraine headaches were found in the records provided.  In his deposition, Mr. Holfelder indicated that he had not seen a physician during the time of his employment at Inservco because he had no health insurance.
>
> –and--
>
> There is no reason not to assume based upon a reasonable degree of medical certainty that he had migraine headaches as he avers.  Clearly, however, there is no documentation of his headaches during these last many years inasmuch [] he never saw a doctor for them.  Initially in terms of a workup, he has had very little and almost no diagnostic testing done.

(ECF DKT #32-1 at 7, 17).

Thus, even construing the evidence in Plaintiff's favor, Plaintiff's migraine headaches cannot

qualify as a "serious health condition" as defined in the FMLA regulations, 29 U.S.C. § 825.114.

Nevertheless, the grave health issues suffered by Plaintiff's adult stepdaughter, and the care Plaintiff testifies he provided to her in the hospital, arguably meet the FMLA's eligibility requirements.  (See Plaintiff's Deposition at 134-137).

In analyzing Holfelder's FMLA retaliation (discrimination) claim, where there is no direct evidence, the Court applies the *McDonnell Douglas* burden-shifting framework utilized in Title VII cases.  *Hunter*, 579 F.3d at 691.  Like the age discrimination analysis, *infra*, if Plaintiff makes a prima facie showing of retaliation, the burden shifts to Defendant to offer a legitimate, non-discriminatory reason for the adverse employment action, i.e., termination.  If Defendant is successful, the burden returns to Plaintiff to show that Defendant's proffered reason was pretext for retaliatory discrimination.

Plaintiff must establish that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) a causal connection existed between the protected activity and the adverse employment action.  *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 707 (6th Cir.2008).

Although Holfelder never gave formal notice of his intent to take FMLA leave, at best, he did inquire on one occasion about the required paperwork.  (ECF DKT #27, McCreedy Deposition at 115).  Further, there is no dispute that he suffered an adverse employment action when he was discharged on October 17, 2008.  Several of Plaintiff's absences were in late August of 2008 for his stepdaughter's hospitalizations.  (ECF DKT #32-1 at 15).  Temporal proximity between the protected activity and the employer's action may constitute evidence of

-11-

a causal connection.  *Bryson v. Regis Corp.*, 498 F.3d 561 (6th Cir.2007).  Thus, a span of time of less than two months satisfies Plaintiff's burden on this prima facie element.

Now, the examination shifts to the employer's reasons for the termination.  Plaintiff accumulated an excessive number of negative attendance points in a twelve-month period, which violated Inservco's written policy.  Plaintiff admits he received a copy of the company policy; and was aware that termination was appropriate after nine infractions of unexcused absences.  Defendant points to nine absences in the year preceding Plaintiff's discharge which were not excused and which Defendant argues were not attributable to his stepdaughter's illness.  (Chart at ECF DKT #29-1 at 18).  Plaintiff was provided oral and written warnings.  Thus, Defendant has articulated a legitimate reason for terminating Plaintiff.

Although the parties dispute the legitimacy of the reasons for Plaintiff's many absences, Plaintiff is unable to demonstrate that his employer's reason has no basis in fact, was not the actual reason, or is insufficient to explain the adverse employment action.  *Risch*, 581 F.3d at 391.  Plaintiff fails to demonstrate pretext; and, therefore, the Court grants summary judgment in favor of Defendant on Plaintiff's FMLA retaliation claim.

In order to prevail on his FMLA interference claim, Plaintiff must establish the following elements: (1) Plaintiff was an eligible employee; (2) Defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of his intention to take leave; and (5) the employer denied the employee FMLA benefits to which he was entitled.  *Killian*, 454 F.3d at 556.

The parties do not dispute that Holfelder is an eligible employee and that Inservco is an employer as defined under the FMLA.

-12-

As to entitlement to the leave, Inservco does not deny Holfelder's stepdaughter's illness; but does argue that Plaintiff did not "care" for her as that term is understood under the FMLA.  Defendant contends that Holfelder was (using Plaintiff's own words) merely a "gofer" at his stepdaughter's hospital bedside.  Plaintiff describes his actions, however, as getting her whatever she needed  — ice, water, washcloth, nurse ----  and making decisions about the care of her children.  (Plaintiff's Deposition at 134, 136-137).  It remains a jury question whether Plaintiff provided "psychological comfort and reassurance which would be beneficial to a child, spouse or parent with serious health condition who is receiving inpatient or home care."  29 C.F.R. § 825.116(a).

Plaintiff testifies that he called in to Inservco on several occasions in February of 2008, to report his absence due to his stepdaughter's emergency hospitalizations.  (Plaintiff's Deposition at 49-55).  There were additional absences in August of 2008.  (Plaintiff's Deposition at 125).  Plaintiff alleges that, despite his informing Inservco of the reasons for his absences, he was not provided FMLA paperwork, nor advised of the possibility of excused leave and/or intermittent leave.

Pursuant to 29 C.F.R. § 825.300:

When an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances.

Thus, factual issues exist as to whether the "care" Plaintiff provided to his stepdaughter during her multiple hospitalizations qualifies under the FMLA; whether Plaintiff gave sufficient notice to his employer and/or whether Defendant had knowledge that

-13-

Plaintiff's leave was for a FMLA-qualifying reason; and whether Plaintiff would have been entitled to leave, intermittent or otherwise.

Summary judgment is denied as to Plaintiff's claim for alleged FMLA interference with his asserted right to take leave to care for his ill stepdaughter.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #29) of Defendant, Inservco, Inc. ("Inservco" or "Defendant"), for Summary Judgment is granted in part and denied in part. The Motion is granted as to the age discrimination and wrongful termination claims under R.C. § 4112.14 and R.C. § 4112.99, as well as the Family and Medical Leave Act ("FMLA") Retaliation claim; but denied as to the FMLA Interference claim.  Therefore, the above-captioned case will proceed to trial only on Count One of Fred Holfelder's Complaint - Family and Medical Leave Act Interference - and only as to his eligibility to take leave to provide care to his stepdaughter.


**IT IS SO ORDERED.**


**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**
**Dated:  September 10, 2012**

-14-